1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RICK BINFORD,** | ) | **1:11-CV–2151  AWI SMS** |
| | ) | |
| | ) | |
| **Plaintiff**, | ) | **ORDER CLOSING CASE IN** |
| | ) | **LIGHT OF THE PARTIES'S** |
| **v.** | ) | **RULE 41(a) VOLUNTARY** |
| | ) | **DISMISSAL WITH** |
| **RECEIVABLES PERFORMANCE** | ) | **PREJUDICE** |
| **MANAGEMENT, LLC, and DOES** | ) | |
| **1-10 inclusive,** | ) | |
| | ) | |
| | ) | |
| **Defendants**. | ) | |
| _____ | ) | |

On May 8, 2012, the parties filed a stipulation for dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).  The notice is signed by all remaining parties who have appeared.  The notice also indicates that each side is bear their own costs.

Rule 41(a)(1), in relevant part, reads:

(A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  See Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made

in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.

41(a)(1)(A); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule

41(a) (1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and

does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.

A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,

377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,

1077 (9th Cir. 1999); cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

     As the parties have filed a stipulation for dismissal of this case with prejudice under Rule

41(a)(1) that is signed by all parties who have made an appearance, this case terminated on May

8, 2011.  See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at

1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf.

Wilson, 111 F.3d at 692.


     Therefore, IT IS HEREBY ORDERED that the Clerk is to CLOSE this case in light of

the parties's filed and properly signed Rule 41(a)(1) Stipulation Of Dismissal with prejudice.

IT IS SO ORDERED.

Dated:   May 10, 2012                        

                CHIEF UNITED STATES DISTRICT JUDGE